UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN R. WILDERMUTH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | No. 1:16-cv-00793-TWP-MJD |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of Ryan Wildermuth for a writ of habeas corpus challenges prison disciplinary proceeding IYC 15-12-0225. The respondent has filed a motion to dismiss alleging that the challenged disciplinary proceeding and the sanctions resulting therefrom and, therefore, this action is moot. Mr. Wildermuth has not responded to the motion to dismiss and his time to do so has passed. For the reasons set forth below, the respondent's unopposed motion to dismiss [dkt. 9] is **granted** and this action is dismissed as moot.

While incarcerated at Plainfield Correctional Facility, Mr. Wildermuth was subject to disciplinary proceeding IYC 15-12-0225, in which he was found guilty of violating a federal, state, or local criminal law in that he violated a no contact order. His sanctions included the deprivation of 180 days earned credit time and the demotion from credit class I to II. He filed the instant petition for a writ of habeas corpus on April 11, 2016. While the instant case was pending, the Indiana Department of Correction final reviewing authority, on July 26, 2016, vacated Mr. Wildermuth's disciplinary conviction and sanctions and designated the case for re-hearing.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Here, Mr. Wildermuth's conviction and sanctions were vacated and thus can no longer affect the duration of his custody. Accordingly, Mr. Wildermuth's habeas action is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 8/16/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RYAN R. WILDERMUTH
156401
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronically Registered Counsel